CASE—53—PETITION EQUITY—JUNE 14.

# Thomas' Adm'r, &c., v. Thomas' Adm'x, &c.
# Fluty, &c., v. Butler, &c.
# Thomas' Adm'r, &c., v. Thomas' Heirs, &c.

### APPEALS FROM ESTILL CIRCUIT COURT.

1. EXECUTION SALES—WAIVER OF ERROR.—Even if the fact that the sheriff sold land under execution for twenty-three dollars more than the execution debt, would ordinarily render the sale voidable, the execution defendant in this case waived the error by refusing to receive the twenty-three dollars when tendered to him by the sheriff soon after the sale, and directing the sheriff to return the amount to the purchaser and let the sale stand.

2. SHERIFF'S DEED.—It is not necessary, in order to enable the successor of a sheriff who has sold land under execution to execute a conveyance to the purchaser, that the purchaser should produce the certifi-

cate of the sheriff making the sale, showing that the purchase money had been paid. Such was the requirement under the statute of February 11, 1809, but the law has been changed.

3. SAME.—After the expiration of the time provided for the redemption of land sold under execution, the sheriff may convey to the purchaser, although the execution defendant has died.

ROBERT RIDDLE AND H. C. LILLY & SON FOR APPELLANT.

1. An administratrix is a *quasi* trustee, and as such, having funds in her hands belonging to the estate, she cannot permit the land of the decedent to be sold for debt and redeem the land from the purchaser with assets of the estate and take title to herself. She will hold the land in trust for the creditors and heirs of the decedent. (Toller's Law of Executors,. 73; Perry on Trusts, vol. 1, p. 138, secs. 127-8; Keller's Ex'r v. Butler, 5 Mon., 577.)

2. An execution debtor having died after sale and before the period for redemption had expired, the sheriff could not convey title to the purchaser. Title could only be obtained by equitable proceedings. (Rorer on Judicial Sales, sec. 955; Titus v. Lewis, 3 Barb., 70.)

B. J. PETERS FOR HALL AND WIFE, AND THOS. TURNER FOR FLUTY AND WIFE.

1. The sheriff having sold more land than was necessary to satisfy the execution debt, the sale was void. (Gathright v. Haggard, 17 B. M., 557.)

2. The execution debtor dying before the time for redemption had expired, the title vested in his heirs, and the sheriff could make no deed conveying their title. (Butts v. Chinn, 4 J. J. M., 641.)

3. When a sheriff makes a sale his successor cannot make deed to purchaser without certificate of the former sheriff of such sale and the payment of the purchase money. (Trimble v. Breckinridge, 4 Bibb, 479; Leman v. Craddock, Littell's Select Cases, 252; Phillips v. Jamison, 14 B. M., 583.)

ISAAC N. CARDWELL FOR BUTLER.

Brief not in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The controlling question to be determined in these cases is, whether the land in controversy belongs to the appellee, Mrs. Butler.

The sheriff of Estill county having an execution in

his hands in favor of T. M. Barnes against H. C. Thomas, he sold the land in controversy to satisfy said execution on the third Monday in February, 1867. The sale was made at the court-house door on a county court day. H. C. Thomas surrendered said land, in writing, to the sheriff, for the purpose of levy and sale. At the sale Harrison Cockrill purchased the land at the price of two hundred and eighty dollars, which was less than two-thirds of its appraised value. H. C. Thomas died in the fall of 1867 without having redeemed said land. In 1873, no person having redeemed said land, Mrs. Butler, who was the wife of H. C. Thomas at the time of his death, and subsequently married Butler, purchased said land from Harrison Cockrill at the price that he paid for it and interest thereon. The sheriff that sold said land never conveyed the same to Cockrill. Said sheriff's successor in office, by the written directions of Cockrill, made Mrs. Butler a deed to the land on the fourteenth day of October, 1873. The fact that the sale was regular is not denied.

It is contended here that Cockrill purchased the land for the benefit of H. C. Thomas, and that the latter furnished the money with which to pay off the purchase price of the land. The record discloses no fact or circumstance of the kind. On the contrary, it is alleged in the appellee's answer and cross-petition, that Cockrill purchased the land for himself and paid the purchase price ; and that she purchased the same from him at the price that he paid for it and the interest thereon.. These allegations are not denied. Besides, Cockrill, whose deposition was taken

by the appellants, swears substantially to the same facts, and there is no evidence in the record tending to show a different state of case.

It is also contended that, inasmuch as the sheriff sold said land for twenty-three dollars more than the execution debt, interest and costs amounted to, the sale was void.   While it is true this excess would ordinarily render the sale voidable at the instance of the execution defendant, yet it will not be controverted that he could waive the error.   The record shows that the sheriff informed H. C. Thomas, shortly after the sale, of the mistake, and tendered him the twenty-three dollars, but he directed the sheriff to return the twenty-three dollars to Cockrill, and to let the sale stand.   By this act H. C. Thomas waived the right to take advantage of the error, and as he elected to waive the error, the appellants have shown no right to take advantage of it.

It is contended by the appellants that the successor of the sheriff making the sale had no right to convey the land unless a certificate of said sheriff was produced, showing that the purchase money had been paid.   There are old decisions of this court holding that the production of such certificate was prerequisite to the successor's right to make a conveyance. But these decisions were based upon the statute of this State, approved February 11, 1809, which authorize the sheriff in office to convey land that had been sold under execution by his predecessor in office, upon the production by the purchaser of the certificate or receipt of his predecessor, showing "the actual purchase," and the payment of the purchase money.

There was no such requirement in the law under which the sale in this case was made. At the time the sale, transfer and conveyance were made, the Revised Statutes were in force, and section 10, of chapter 36, provided: "The sheriff who sells land under execution, or his deputy, or the successor of the former, must convey the title sold to the purchaser, or his assignee, or his heirs or devisee, if the same is not redeemed."

Under this section the prerequisite of producing a certificate or receipt of the former sheriff, showing the purchase and the payment of the purchase money, was dispensed with; which section made it the duty of the successor in office to make the conveyance to the purchaser, or his assignee, etc., if the land has not been redeemed. A similar provision is contained in the General Statutes.

It is contended that the sheriff had no right to make the conveyance after the death of H. C. Thomas. It has been held time and again that in a chancery proceeding for the purpose of conveying the title to land, if the owner dies between the time of the decree for the sale and the sale, or between the time of the sale and confirmation, or between the time of confirmation and the making of the deed (the latter is changed by the Civil Code of Practice), it is the duty of the court to have his heirs brought before it before proceeding to make the conveyance. The bringing of the heirs before the court is a jurisdictional necessity, for the reason that the conveyance must be made in their names. But, as the sheriff subjects and sells the title of the execution defend-

348        KENTUCKY REPORTS.        [Vol. 87.

Thomas' Adm'r, &c., v. Thomas' Adm'x, &c.   Fluty, &c., v. Butler, &c.

ant by virtue of his authority as a ministerial officer, and as he conveys the title in his own name, and not in the name of the execution defendant, the reason of chancery rule does not apply to him; therefore, after the time allowed the defendant, or his heirs, in case of his death, to redeem the land has expired, the sheriff may make the conveyance to the purchaser or his assignee.

The record fails to disclose that the appellee, as the administrator of H. C. Thomas, had any means belonging to his estate with which to redeem said land. After the time of the right of redemption had expired, the land belonged absolutely to Cockrill, and he sold it to the appellee, and she bought it for herself and paid for it, as the record shows, with her own means. We, therefore, can not decide, in view of the further fact that there was no fraud or collusion in the transaction, that her purchase redounded to the benefit of H. C. Thomas' heirs and creditors.

Mrs. Fluty claims the land by virtue of an execution sale in favor of Major Turner against H. C. Thomas' administrator and heirs. Said execution was issued, and the land sold under it long after Cockrill's purchase; therefore, Mrs. Fluty acquired no title to the land as against said purchase. After a careful review of the entire record, we find no reversible error.

The judgment is affirmed.